UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

| | |
|---|---|
| BORIS JAMES ALSTON, | ) |
| Petitioner, | ) ) ) |
| v. | ) ) Civil Action No.: 2:14-cv-327 |
| HAROLD W. CLARKE, Director, Virginia Department of Corrections, | ) ) ) ) |
| Respondent. | ) ) ) |

## REPORT AND RECOMMENDATION

This matter is before the Court on *pro se* Petitioner Boris James Alston's ("Alston") Amended Petition for a Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254, ECF No. 4, and the Respondent's Motion to Dismiss, ECF No. 18. After being fully briefed, the Motion was referred for disposition to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and (C), Federal Rule of Civil Procedure 72(b), Eastern District of Virginia Local Civil Rule 72, and the April 2, 2002, Standing Order on Assignment of Certain Matters to United States Magistrate Judges. The undersigned makes this recommendation without a hearing pursuant to Federal Rule of Civil Procedure 78(b) and Eastern District of Virginia Local Civil Rule 7(J). For the following reasons, the undersigned **RECOMMENDS** that the Respondent's Motion to Dismiss, ECF No. 18, be **GRANTED** and Alston's Amended Petition, ECF No. 4, be **DENIED** and **DISMISSED WITH PREJUDICE.**

### I. FACTUAL AND PROCEDURAL BACKGROUND

On July 19, 2010, Alston pled guilty to rape pursuant to the written plea agreement, ECF No. 20, attach. 2, and was sentenced by the Circuit Court for the City of Newport News ("trial

court") to fifty years' imprisonment with thirty years suspended, two years of supervised probation after his release, and completion of a Sex Offender Program, *id.*, attach. 1. Thereafter, Alston filed a motion for reconsideration, which was denied by the trial court on August 26, 2010. *Id.* at 2. On January 19, 2011, the Court of Appeals of Virginia granted Alston's petition for appeal on his claim that the trial court improperly denied his motion for concurrent sentences, and the court denied his petition for appeal with respect to his remaining claim—that his plea was not knowing and voluntary—on the grounds that it was not properly preserved and it was meritless. *Id.*, attach. 3. Subsequently, the Court of Appeals of Virginia dismissed Alston's appeal by unpublished opinion on June 7, 2011. *Alston v. Commonwealth*, No. 1733-10-1, 2011 WL 2203187 (Va. App. Ct. June 7, 2011). Alston appealed to the Supreme Court of Virginia, which denied his appeal on December 7, 2011, and his petition for rehearing on March 8, 2012. ECF No. 20 at 2. Alston filed a petition for writ of habeas corpus in the trial court on May 3, 2012, *id.*, attach. 4, which was dismissed on July 27, 2012, *id.* at 6. On August 6, 2012, Alston filed a notice of appeal in the trial court and the Supreme Court of Virginia, and on September 14, 2012, the trial court appointed Alston counsel for the appeal. *Id.* at 3. However, on February 8, 2013, the Supreme Court of Virginia returned the records to the trial court "[b]ecause no petition for appeal has been filed and the time allowed by law within which to do so has expired." *Id.*, attach. 7. Alston's counsel then filed a motion for delayed appeal on April 15, 2013, and an amended motion for delayed appeal on May 29, 2013. *Id.* at 4. The Supreme Court of Virginia denied the amended motion on June 17, 2013, and denied Alston's *pro se* motion for reconsideration on July 30, 2013. *Id.* On September 5, 2013, Alston filed his second state habeas petition in the Supreme Court of Virginia, which the court dismissed on November 7, 2013, pursuant to Virginia Code §§ 8.01-654(A)(2), 8.01-654(B)(2). *Id.*, attach. 9.

2

Alston filed his federal petition for writ of habeas corpus on June 16, 2014,[1] and thereafter filed an Amended Petition on September 29, 2014, raising the following claims:

I. "Alston was denied []effective assistance of appellate counsel under the Sixth and Fourteenth Amendment[s] to the United State's [sic] Constitution, when appellate counsel filed Alston's habeas notice of appeal with the incorrect court, and then failed to perfect the petition for appeal within the time allowed." ECF No. 4, attach. 1 at 7.
II. "The trial judge accepted Alston's guilty plea without ensuring whether the plea was entered into 'voluntary, knowing and[] intelligent.' In valition [sic] of due process of law under the Fourteenth Amendment to the United State's [sic] Constitution." Id. at 13.
III. "Alston was denied []effective assistance of trial counsel when counsel failed to object to the trial court['s] acceptance of Alston[']s plea where the plea was not entered knowingly and intelligently, with an understanding of the nature of the charge and the consequence of the plea. In valation [sic] of the Sixth and Fourteenth Amendment rights to the United States Constitution." Id. at 19.

The Virginia Attorney General, on behalf of the Respondent, filed a Motion to Dismiss, Rule 5 Answer, brief in support, and *Roseboro* Notice on January 7, 2015. ECF Nos. 17-20. Alston filed a response to the Motion to Dismiss on February 18, 2015. The Respondent has not filed a reply brief, and the time to do so has expired. Therefore, the Motion is ripe for recommended disposition.

## II. ANALYSIS

### A. Statute of Limitations

Section 2254 petitions are subject to a one-year statute of limitations and must be dismissed if they are filed later than one year after the conclusion of direct review of the conviction or the expiration of the time to seek direct review. 28 U.S.C. § 2244(d)(1)(A).[2] Generally, the limitation period for filing a § 2254 petition is statutorily tolled during the time in "which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim" is pending. 28 U.S.C. § 2244(d)(2). To be properly

---

[1] The Petition was filed as of the date Alston certified that he placed it in the prison mailing system. *See* ECF No. 1 at 15; *see also Houston v. Lack*, 487 U.S. 266, 276 (1988) (articulating the prison mailbox rule).
[2] 28 U.S.C. § 2244(d)(1)(B), (C) and (D), which address other means by which to calculate the one-year statute of limitations, are not applicable here and will not be discussed.

3

filed, the petition must comply with the state's procedural rules imposed on post-conviction petitions, *Pace v. DiGuglielmo*, 544 U.S. 408, 413-17 (2005) (denying statutory tolling to an improperly filed petition when the state court rejected the petition as untimely), and violation of those rules, including "time limits, place for filing and filing second or successive petitions," will render that petition improperly filed and ineligible for statutory tolling, *Rodgers v. Angelone*, 113 F. Supp. 2d 922, 929 (E.D. Va. 2000). Moreover, the time in which a habeas petition is pending in federal court does not toll the one-year statute of limitations. *Duncan v. Walker*, 533 U.S. 167, 172 (2001). In addition, the limitations period may be eligible for equitable tolling "if [a petitioner] presents (1) extraordinary circumstances, (2) beyond his control or external to his own conduct, (3) that prevented him from filing on time." *Rouse v. Lee*, 339 F.3d 238, 246 (4th Cir. 2003). Most recently, the United States Supreme Court held that "a litigant seeking equitable tolling bears the burden of establishing two elements [to qualify for equitable tolling]: (1) that he had been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace*, 544 U.S. at 418. For the following reasons, the undersigned concurs with the Respondent's argument that Alston's petition is time-barred.

Alston's conviction became final and, pursuant to 28 U.S.C. § 2244(d)(1)(A), the one-year statute of limitations began to run on June 6, 2012, or ninety days after the Supreme Court of Virginia denied Alston's petition for rehearing, and the time to appeal that order to the United States Supreme Court expired. *See Harris v. Hutchinson*, 209 F.3d 325, 328 & n.1 (4th Cir. 2000) ("[T]he time for seeking direct review of [the] state-court conviction was concluded . . . when the period for filing a petition for a writ of certiorari in the United States Supreme Court expired."). Accordingly, Alston's deadline for filing a federal habeas petition was June 6, 2013. Alston's first state habeas tolled the statute of limitations for eighty-five days from the period of

4

May 3, 2012, when Alston's state habeas petition was filed, to July 27, 2012, which the trial court dismissed the petition. The date between Alston's filing of a notice of appeal on August 6, 2012, and the Supreme Court of Virginia's return of Alston's records on February 8, 2013, does not count for purposes of statutory tolling. Section 28 U.S.C. § 2244(d)(2) provides that "[t]he time during which a *properly filed application* for State post-conviction or other collateral review . . . is pending shall not be counted toward any period of limitation under this subsection." (emphasis added). "[U]nder Virginia's rules, an 'application'' is only 'properly filed' on the date that the prisoner, within the time limit, submits his petition for appeal to prison officials to be mailed. When that occurs, statutory tolling is effective back to the date of the filing of the notice of appeal." *Rodgers*, 113 F. Supp. 2d at 929; *see also Escalante v. Watson*, 488 F. App'x 694, 697-700 (4th Cir. July 18, 2012) (unpublished) (permitting statutory tolling only of the time a petition was under consideration by the trial court because the prisoner's petition for appeal was not properly filed in the Supreme Court of Virginia in accordance with Virginia Supreme Court Rule 5.17(c)). Here, Alston only filed a notice of appeal, never a petition for appeal, and thus failed to perfect his appeal in the Supreme Court of Virginia. Alston's "state petition ceased to be 'pending' on the date of the trial court's decision.'" *Rogers*, 113 F. Supp. 2d at 929. Thus, Alston was required to file his federal habeas petition on or before August 30, 2013.

Alston argued that his petition should not be considered untimely "[b]ecause [he] was awaiting the Decision from the Virginia State Bar regarding the complaint that was made by me against my state habeas corpus appellate counsel." ECF No. 4 at 15. The undersigned construes this argument as a claim for equitable tolling of the statute of limitations. Simply put, Alston fails to overcome the high bar to qualify for equitable tolling. Besides reciting the facts of his

state bar complaint, ECF No. 8, attach. 1 at 15-17, Alston provided no evidence to show how the state bar complaint prevented him from pursuing his rights in federal court. Alston requested that this Court permit equitable tolling solely on the grounds that he filed a state bar complaint, but this fails to qualify as an extraordinary circumstance for purposes of equitable tolling. *See Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir. 2002) ("[T]he threshold necessary to trigger equitable tolling is very high, lest the exceptions swallow the rule.") (citations omitted). Accordingly, Alston's petition is untimely and fails to qualify for equitable tolling.

Moreover, it is appropriate for the undersigned to recommend dismissal of Alston's petition as time-barred because Alston was given appropriate "notice and opportunity to respond" when the issue was raised in the Respondent's Motion to Dismiss, ECF No. 20 at 6-10. *Hill v. Braxton*, 277 F.3d 701, 707 (4th Cir. 2002) ("We hold that when a federal habeas court, prior to trial, perceives a *pro se* § 2254 petition to be untimely and the state has not filed a motion to dismiss based on the one-year limitations period, the court must warn the prisoner that the case is subject to dismissal pursuant to § 2244(d) absent a sufficient explanation, unless it is indisputably clear from the materials presented to the district court that the petition is untimely and cannot be salvaged by equitable tolling principles . . . ."). Alston had an opportunity to respond to the Respondent's Motion to Dismiss and present an argument sufficient to permit equitable tolling of the statute of limitations. Although he responded, he failed to proffer sufficient evidence and argument to permit equitable tolling.

Alston also claimed "that he is actually incedence [sic] from the denial of due process and equal protection of the law." ECF No. 4 at 15. Typically, under the "actual innocence exception," federal habeas petitioners can overcome a procedural bar, such as the statute of limitations here, to allow the federal court to consider the merits of the constitutional challenge

6

to their state conviction. *See Schlup v. Delo*, 513 U.S. 298, 326 (1995) ("To establish the requisite probability, the petitioner must show that it is more likely than not that no reasonable juror would have convicted him in light of the new evidence."). The United States Supreme Court recently expanded upon the "actual innocence exception" and determined that it can also be used as a "gateway through which a petitioner may pass" if the impediment to adjudication on the merits is expiration of the statute of limitations period under 28 U.S.C. § 2244(d)(1). *McQuiggin v. Perkins*, 133 S. Ct. 1924, 1928 (2013). The Supreme Court cautioned, however, "that tenable actual-innocence gateway pleas are rare: '[A] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.'" *Id.* (citing *Schlup*, 513 U.S. at 329; *see House v. Bell*, 547 U.S. 518, 538 (2006) (emphasizing that the *Schlup* standard is "demanding" and seldom met)). Moreover, any "unjustifiable delay on a habeas petitioner's part, [while] not an absolute barrier to relief . . . [is still] a factor in determining whether actual innocence has been reliably shown." *McQuiggin*, 133 S. Ct. at 1928. Examples of evidence establishing factual innocence include credible declarations of guilt by another, *Sawyer v. Whitley*, 505 U.S. 333, 340-41 (1992), trustworthy eyewitness accounts, and exculpatory scientific evidence, *Schlup*, 513 U.S. at 324. Moreover, the original factual findings by the state court are reviewed under a "highly deferential standard" and are "given the benefit of the doubt." *Woodford v. Visciotti*, 537 U.S. 19, 24 (2002). "This is especially true where state courts have resolved issues like witness credibility, which are factual determinations . . . ." *Jones v. Seifert*, 808 F. Supp. 2d 900, 919 (S.D.W. Va. 2011) (internal quotations omitted).

Here, Alston failed to set forth any "new evidence" to support his claim of actual innocence. Indeed, although he mentions actual innocence due to "the denial of due process and

7

equal protection of the law" in his Amended Petition, ECF No. 4 at 15, at no point in his pleadings does he proffer any evidence to support this conclusion such as credible declarations of guilt by another, trustworthy eyewitness accounts, or exculpatory scientific evidence. Importantly, "'actual innocence' means factual innocence, not mere legal insufficiency." *Bousely v. United States*, 523 U.S. 614, 623 (1998). Thus, Alston fails to surmount the highly deferential standard afforded a trial court's credibility determinations and factual findings to prove actual innocence. *McGuiggin*, 133 S. Ct. at 1931 (noting a petitioner must make "a credible showing of innocence"). Accordingly, the undersigned **FINDS** that Alston has not established evidence of his actual innocence by clear and convincing evidence, and as such, his claim of actual innocence cannot excuse his time-barred petition.

## III. RECOMMENDATION

For these reasons, the undersigned **RECOMMENDS** that the Respondent's Motion to Dismiss, ECF No. 18, be **GRANTED** and Alston's Amended Petition, ECF No. 4, be **DENIED** and **DISMISSED WITH PREJUDICE.**

## IV. REVIEW PROCEDURE

By receiving a copy of this Report and Recommendation, Faulcon is notified that:

1. Any party may serve on the other party and file with the Clerk of this Court specific written objections to the above findings and recommendations within fourteen days from the date this Report and Recommendation is mailed to the objecting party, *see* 28 U.S.C. § 636(b)(1)(C) and Federal Rule of Civil Procedure 72(b), computed pursuant to Federal Rule of Civil Procedure Rule 6(a) plus three days permitted by Federal Rule of Civil Procedure Rule 6(d). A party may respond to another party's specific written objections within fourteen days after being served with a copy thereof. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

2. A United States District Judge shall make a *de novo* determination of those portions of

9

this Report and Recommendation or specified findings or recommendations to which objection is made. The parties are further notified that failure to file timely specific written objections to the above findings and recommendations will result in a waiver of the right to appeal from a judgment of this Court based on such findings and recommendations. *Thomas v. Arn*, 474 U.S. 140 (1985); *Carr v. Hutto*, 737 F.2d 433 (4th Cir. 1984), *cert. denied*, 474 U.S. 1019 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984), *cert. denied*, 467 U.S. 1208 (1984).

The Clerk is **DIRECTED** to forward a copy of this Report and Recommendation to the Petitioner and counsel of record for the Respondent.

/s/
Lawrence R. Leonard
United States Magistrate Judge

UNITED STATES MAGISTRATE JUDGE

Norfolk, Virginia
June 23, 2015

## CLERK'S MAILING CERTIFICATE

A copy of this Report and Recommendation was mailed on this date to the following:

Mr. Boris James Alston, #1103231
Augusta Correctional Center
1821 Estaline Valley Road
Craigsville, Virginia 24430
Pro Se Petitioner

Mr. John Watkins Blanton
Office of the Attorney General
900 East Main Street
Richmond, Virginia 23219
Counsel for the Respondent

By: _____
Fernando Galindo,
Clerk of Court

Deputy Clerk
Date JUN 23, 2015